UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SUSAN CARRICHNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-CV-90-TRM-HBG |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Leave to Amend and Restate Plaintiff's Amended Complaint ("Motion to Amend") [Doc. 117]. Defendant has responded in opposition [Doc. 126], and Plaintiff has filed a Reply [Doc. 131]. Later, Plaintiff filed a Supplemental Reply [Doc. 135] and then filed Exhibit 1 to her Motion and Notice of Late-Filed Exhibit to Motion [Doc. 136]. Subsequently, Defendant filed a Motion to Strike [Doc. 148] Plaintiff's filings [Docs. 131, 132, 135, and 136] to which Plaintiff has responded [Doc. 151] in opposition.[1] Plaintiff's Motion to Amend and Defendant's Motion to Strike are ripe for adjudication. Accordingly, for the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Amend [**Doc. 117**] and **GRANTS IN PART** Defendant's Motion to Strike [**Doc. 148**].

---

[1] The Court notes that [Doc. 132] is a Reply filed in relation to Plaintiff's Motion for Extension of Time [Doc. 120]. The Court will address whether to strike or disregard [Doc. 132] when addressing Plaintiff's Motion for Extension of Time [Doc. 120].

**I.     POSITIONS OF THE PARTIES**

Plaintiff moves pursuant to Federal Rule of Civil Procedure 15 to amend her Amended Complaint. For grounds, Plaintiff states that when she filed her original Complaint, she stated four separate causes of action against Defendant. After filing the Complaint, she retained counsel and relied on counsel's legal experience. She understood that this lawsuit sought all applicable damages, including punitive and other statutory damages. Plaintiff states that her counsel had to withdraw, and she began preparing to proceed pro se. Plaintiff states that to her surprise and ultimate dismay, she discovered that compensatory damages did not include punitive damages or general damages. Plaintiff states that she was not familiar with the term "compensatory damages," and she, while relying on counsel, believed that it meant "all encompassing" damages.

Plaintiff submits that after discovering the mistake, she filed a motion to amend [Doc. 36] but ultimately withdrew the motion to avoid further delay in this case with the understanding that after evidence had been entered proving Defendant's bad faith, neglect, and violations of the Unfair Claims Settlement Practices Act, she could move to amend her Amended Complaint. Plaintiff states that she received the claims file, which contained the name of the company that performed the appraisal. She submits that the name of the company had been withheld from her until many of the deadlines had expired in this matter. Plaintiff states that the trial was recently continued to October 26, 2020, and that while she is able to voluntarily non-suit this case, such action would increase the costs for both parties and cause her undue hardship. The Court observes that Plaintiff has filed her Amended and Restated Complaint [Doc. 117-1] as an exhibit to her Motion in accordance with Local Rule 15.1.

Defendant objects [Doc. 126] to Plaintiff's Motion and requests the costs incurred for having to respond to Plaintiff's "frivolous motion." Defendant states that it was in the process of

responding to her motion to amend [Doc. 36] that was filed on May 16, 2020, but Plaintiff withdrew that motion. Defendant argues that the Scheduling Order states that all motions to amend must be filed by January 2020. Defendant states that Plaintiff never served any interrogatories or requests to produce at any time during the litigation. Defendant submits that at the informal request of Plaintiff's former lawyer, it produced a copy of the redacted claims file. Defendant states that Plaintiff filed a motion to reinstate default judgment and for sanctions, but this motion was another attempt to amend her Amended Complaint.

Defendant states that its counsel held a conference with Plaintiff's former counsel, wherein the parties discussed a potential motion to dismiss and that based on their conversations, Plaintiff's counsel agreed to the dismissal of all other claims and that Plaintiff would only proceed on the breach of contract claim. Defendant states that the deadline for discovery expired in March 2020. Defendant argues that Plaintiff's amendments are highly prejudicial to Defendant because Plaintiff alleges new claims, including bad faith and violations of the Tennessee Unfair Claims Settlement Act. In addition, Defendant states that Plaintiff alleges punitive damages. Defendant states that no discovery has been taken on these issues and that an amendment would require the parties to reopen discovery.

Plaintiff filed a Reply [Doc. 131], stating that the Amended Complaint in this case was filed by the agreement of the parties and that nowhere in their agreed order does it state that the right to revisit or refile the omitted causes of action from the Amended Complaint is with prejudice. Plaintiff states that, therefore, her instant Motion is not barred. Plaintiff states that she has not waived her right to plead additional causes of action, especially in light of Defendant's recent production of the claims file. Plaintiff states that the statute of limitations has not expired on the new claims. Plaintiff states that motions to amend are governed under a liberal standard and that

3

denying the instant Motion would increase the costs for both parties because she would have to voluntarily dismiss the instant action. Plaintiff states that she withdrew the previous motion to amend because she could not afford a trial continuance, she had not been deposed, and she had not received the claims file. Plaintiff states Defendant previously asked for a continuance if a motion to amend were granted.

Plaintiff states that her motion to reinstate default judgment and for sanctions was not frivolous and that she believes she is entitled to recover based on the evidence. She explains that she also learned of continuing damages from Defendant's actions. Plaintiff states that Defendant will not be prejudiced by the filing of a second Amended Complaint. Plaintiff submits that her new causes of action would survive a Rule 12 motion and that she will supplement her reply with case law to refute Defendant's claim that notice is required to pursue a claim of bad faith. Plaintiff states that it is Defendant's burden to establish futility of the amendment, and it has done so.

Further, Plaintiff states that her former counsel did not schedule any depositions or propound any interrogatories to Defendant. She was not aware of the particulars of the Scheduling Order or the deadlines for discovery as she reasonably relied on her former counsel to handle the case. She states that pursuant to Rule 16, she has worked diligently to avoid a continuance and to proceed under the existing Scheduling Order. Plaintiff states that she has attempted to take discovery, but Defendant denied her attempts, although Plaintiff agreed to Defendant's attempts to take discovery. Plaintiff complains that Defendant's actions in this case have increased costs and that Defendant is not entitled to attorney's fees. In summary, Plaintiff requests that her Motion
4

to Amend be granted, a new Scheduling Order be entered, and that the trial be continued and reset for an agreeable time.[2]

Plaintiff filed a Supplemental Reply [Doc. 135], stating that she has received new documentary evidence since her former counsel amended the original Complaint, the statute of limitations on her causes of action has not passed, the procedural process of voluntarily dismissal of the breach of contract claim would not preclude Plaintiff from refiling all of the original claims that were voluntarily dismissed in this suit, and that the breach of contract claims and other causes of action have arisen from the same facts and circumstances. Plaintiff states that a trial on the breach of contract claim at a later date will not prejudice Defendant but denying a continuance will cause Plaintiff great delay. Plaintiff maintains that her proposed Second Amended Complaint would survive a motion to dismiss, and she requests that the Scheduling Order be amended. Plaintiff also filed Exhibit 1, which is the claims file. [Doc. 136].

As mentioned above, Defendant moved [Doc. 148] to strike Plaintiff's Reply [Doc. 131], Supplemental Reply [Doc. 135], and Exhibit 1 [Doc. 136]. Plaintiff has responded [Doc. 151] in opposition to Defendant's Motion to Strike.

**II. ANALYSIS**

The Court has considered the parties' arguments, and for the reasons stated below, the Court **DENIES** Plaintiff's Motion to Amend [**Doc. 117**] and **GRANTS IN PART** Defendant's Motion to Strike [**Doc. 148**].

The Court will address Defendant's Motion to Strike [Doc. 148] and then turn to Plaintiff's Motion to Amend [Doc. 117].

---

[2] The Court notes that Plaintiff also filed a Motion to Continue the Trial [Doc. 118], which is before the District Judge. Thus, the undersigned will not consider Plaintiff's request for a trial continuance.

5

### A. Defendant's Motion to Strike [Doc. 148]

Defendant requests that the Court strike several of Plaintiff's filings [Docs. 131, 135, and 136]. In its Motion, Defendant also requests that the Court (1) tax all costs associated with defending the above pleadings, including the drafting of the Motion, to Plaintiff, and (2) admonish Plaintiff to refrain from such filings in the future and adhere to the Rules of Civil Procedure, or in the alternative, order Plaintiff to retain counsel. Plaintiff has responded in opposition to the Motion [Doc. 151].

First, Defendant requests that the Court strike Plaintiff's Reply [Doc. 131], which was filed in support of Plaintiff's Motion to Amend. For grounds, Defendant argues that Plaintiff's Reply [Doc. 131] simply rehashes the arguments made in her original Motion. Defendant acknowledges that there is one section in Plaintiff's Reply that speaks directly to Defendant's prejudicial argument. Defendant argues, however, that Plaintiff's argument misses the mark and that she should have developed her arguments in her original Motion.

The Court notes that the Local Rule 7.1(c) states, "A reply brief shall not be used to reargue the points and authorities in the opening brief but shall directly reply to the points and authorities contained in the answering brief." E.D. Tenn. L.R. 7.1(c). Defendant acknowledges, however, that Plaintiff's Reply somewhat addresses Defendant's prejudice argument, although Defendant claims that Plaintiff's argument misses the mark. The Court does not typically strike briefs because they contain arguments that allegedly "miss the mark." Accordingly, the Court declines to strike Plaintiff's Reply [Doc. 131].

Second, Defendant requests that the Court strike Plaintiff's Supplemental Reply [Doc. 135], which was filed in support of Plaintiff's Motion to Amend [Doc. 117] and Motion for a Trial Continuance [Doc. 118]. For grounds, Defendant asserts that Plaintiff did not seek the approval

of the Court to file the Supplemental Reply and that the Supplemental Reply does not contain information about any new developments. Plaintiff states that in [Doc. 131], her Reply to her Motion to Amend, she notified Defendant and the Court that she had lost access to case law and that a supplemental reply would be forthcoming. Plaintiff claims that the Court's approval is not necessary under Local Rule 7.1(d).

Local Rule 7.1(d) states, "No additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the Court, except that a party may file a supplemental brief of no more than 5 pages to call to the Court's attention developments occurring after a party's final brief is filed." E.D. Tenn. L.R. 7.1(d). The Court finds that the Supplemental Brief was not filed in accordance with Local Rule 7.1(d). Plaintiff was required to seek the Court's approval prior to filing the Supplemental Reply, and she failed to so do. The fact that Plaintiff lost access to case law is not a development occurring after a party's final brief is filed. One of the purposes behind Local Rule 7.1(d) is so that the Court can adjudicate motions expeditiously, and the Court cannot do so if the parties continue to file briefs. Accordingly, the Court will disregard the Supplemental Reply [Doc. 135] as it relates to the instant Motion to Amend.

Defendant also seeks to strike [Doc. 136], which is the claims file. Plaintiff insists that the exhibit is necessary proof in her case and that because it is not a reply or response, it has no page limits. Plaintiff states that she earlier filed a Motion for Leave to File Large Paper Document [Doc. 96]. The Court notes, however, that Plaintiff has not explained why the claims file was filed in support of her Motion to Amend. Accordingly, the Court declines to review the entire claims file with respect to Plaintiff's Motion to Amend.

Finally, as mentioned above, Defendant requests that the Court award it costs and admonish Plaintiff, or in the alternative, order Plaintiff to retain counsel. Both parties are expected to comply with the Local Rules and the Federal Rules of Civil Procedure. Further, the Court notes that the District Judge has already directed the parties to "exercise considerable discretion in filing any additional motions with the Court." [Doc. 115 at 4]. The Court declines to award Defendant its costs as Defendant has not explained the basis for its request. In addition, Defendant has not cited the Court to any authority for ordering Plaintiff to retain counsel. Accordingly, Defendant's Motion to Strike [**Doc. 148**] is **GRANTED IN PART.**

### B. Plaintiff's Motion to Amend

Turning to the Motion to Amend, the Court begins with Federal Rule of Civil Procedure 15, which provides that courts should "freely give leave where justice so requires." Fed. R. Civ. P. 15(a)(2). The decision as to whether justice requires the amendment is committed to the district court's discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Despite the liberality of Rule 15(a)(2), courts have explained that motions to amend may be denied if the court finds undue delay, bad faith, or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, and futility of the amendment. *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *2 (E.D. Tenn. Jan. 21, 2011) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "[D]elay alone does not justify denial of leave to amend." *Id.* (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). A delay in filing a motion to amend, however, can become undue or prejudicial at some point. *Id.* (citing *Morse*, 290 F.3d at 800). For instance, "[t]he longer the period of unexplained delay, the less will be required of the nonmoving party in terms of showing of prejudice." *Id.* (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). As explained in *Phelps*:

> In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

30 F.3d at 662–63.

With the above analysis in mind, the Court turns to the facts of the present matter. Defendant primarily argues that allowing Plaintiff to amend the Amended Complaint at this time is highly prejudicial given the delay in its filing. The Court agrees. Here, Plaintiff filed her original Complaint [Doc. 1] on March 18, 2019. She filed an Amended Complaint [Doc. 25] on August 2, 2019, alleging breach of contract. The parties have proceeded to litigate that claim for over a year now. The Scheduling Order [Doc. 32] required amendments to be filed by January 6, 2020. The discovery deadline expired on March 16, 2020, and the dispositive motion deadline expired on April 13, 2020. Plaintiff's proposed amendments substantially change the nature of this lawsuit, for which Defendant would not be able to take any discovery or file dispositive motions. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (finding that the district court did not abuse its discretion in denying leave to amend the complaint at such a late stage of the litigation because the amendment would create significant prejudice to defendant in having to reopen discovery and prepare for a defense quite different from the claim that was before the court.).

The Court has considered Plaintiff's reason for the delay—that is, she relied on her former counsel's expertise and mistakenly believed that her Amended Complaint requested punitive damages. Plaintiff, however, acknowledges that she filed a motion to amend on May 16, 2020, [Doc. 36] but withdrew the previous motion to amend so that she would not delay the case. Plaintiff states that at that time, she could not afford a continuance. While the Court is sympathetic

9

Case 3:19-cv-00090-TRM-HBG   Document 152   Filed 08/27/20   Page 9 of 10   PageID #: 1429

to Plaintiff's reason, the Court does not find Plaintiff's reason outweighs the prejudice to Defendant in this case if the Court were to allow the amendment. Plaintiff also complains that she had not been deposed and had not been given the claims file. Plaintiff does not explain how her own deposition supports the instant request. Further, Plaintiff never served a formal discovery request for the claims file. The Court ordered the claims file to be produced to Plaintiff because Defendant voluntarily agreed to produce it. *See* [Doc. 52].[3]

In summary, the Court finds that Defendant would be highly prejudiced if the Court were to allow Plaintiff to amend the Amended Complaint at this late stage of the litigation. At the time Plaintiff filed her Motion to Amend (i.e., July 8, 2020), all the deadlines in the Scheduling Order had expired. Finally, with respect to Defendant's request for attorney fees, Defendant has not cited any basis, statutory or otherwise, for the Court to award fees at this time.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court **DENIES** Plaintiff's Motion for Leave to Amend and Restate Plaintiff's Amended Complaint [**Doc. 117**] and **GRANTS IN PART** Defendant's Motion to Strike [**Doc. 148**].

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge

---

[3] The Court notes that Plaintiff argues throughout her filings that she could simply take a non-suit and then refile her proposed Amended and Restated Complaint, but such actions would increase the costs for both parties and the additional delay would cause her hardship. Plaintiff, however, must have the Court's permission or Defendant's agreement to dismiss her case. *See* Fed. R. Civ. P. 41.